IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DONALD PAUL WILSON,

        Petitioner,

VS.

        NO. 5:11-CV-176 (CAR)

Sheriff GENE POPE,

        Respondent.

**ORDER & RECOMMENDATION**

*Pro se* Petitioner **DONALD PAUL WILSON**, an inmate at the Butts County Jail, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has also filed the following motions:

*1. Motion to Proceed In Forma Pauperis* (Tab # 6)

Petitioner has requested leave to file his habeas petition without prepayment of the $5.00 filing fee. Petitioner failed to submit a copy of his inmate trust fund account statement. He states that the jail finance director has denied his two requests for a copy of the statement. Based on Petitioner's statement, payment of the $5.00 is hereby waived and Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

*2. Motion to Order Respondent to Produce Petitioner's Account* (Tab # 7)

Petitioner moves this Court to order Respondent to produce Petitioner's trust fund account statement. In light of this Court's ruling granting Petitioner's motion to proceed *in forma pauperis*, Petitioner's motion to produce is **DENIED AS MOOT**.

*3. Extraordinary Motion for Relief* (Tab # 8)

In this motion, Petitioner argues that Butts County "did not have jurisdiction" to arrest and convict him. The conviction about which Petitioner complains is the subject of this habeas corpus action. As the Court will address in the instant action the validity of Petitioner's conviction, Petitioner's motion is **DENIED**.

Petitioner also asks in his motion that this Court to appoint him counsel. There is no general right to legal representation in a federal habeas corpus proceeding. ***Wright v. West***, 505 U.S. 277, 293 (1992). The Court can appoint counsel if "an evidentiary hearing is needed, if certain discovery is required, or 'if the interest of justice so requires,' provided that petitioner qualifies under 18 U.S.C. § 3006A(g)." ***Jones v. Thompson***, 2010 WL 3909966 (S.D. Ga. Oct. 5, 2010) (citing Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases).

Petitioner has adequately stated his claims in his petition and this Court thus determines that appointment of counsel for him is not necessary at this time. Petitioner's motion for appointment of legal counsel is therefore **DENIED**.

*4. Motion for Injunctive Relief* (Tab # 9)

In this motion, Petitioner seeks an injunction to halt his May 18, 2011 probation revocation hearing. As the Respondent has not yet filed an answer or other responsive pleading, this motion is premature. Moreover, the Supreme Court's decision in ***Younger v. Harris,*** 401 U.S. 37 (1971), requires that this Court abstain from interfering with Petitioner's ongoing state criminal proceeding. "Since the beginning of this country's history, Congress has, subject to few exceptions, manifested

a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. Exceptions to *Younger* are made in three circumstances: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 45. Petitioner has alleged no facts indicating bad faith, irreparable injury, or inadequate state forum.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's motion for injunctive relief be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

**SO ORDERED and RECOMMENDED**, this 17th day of May, 2011.

> s/ Charles H. Weigle
> Charles H. Weigle
> United States Magistrate Judge