**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| DONALD PAUL WILSON, | : | |
| Petitioner, | : | |
| VS. | : | |
| | : | NO. 5:11-CV-176 (CAR) |
| Sheriff GENE POPE, | : | |
| Respondent. | : | **ORDER & RECOMMENDATION** |

*Pro se* Petitioner **DONALD PAUL WILSON** has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Since filing his petition, Petitioner has submitted three motions, three amendments to his petition, and a "supplement to amendment."

*A. Pending Motions*

   *1. Motion for "Subpoena Duces Tecum" (Doc. 13)*

In this motion, Petitioner asks this Court to order "respondent [Sheriff Gene] Pope to appear before the Court to produce any and all records, under a court ordered subpoena duces tecum, involving the petitioner's cases."

Leave of Court is required to conduct discovery in a habeas case and shall be granted only if the requesting party shows good cause. Rule 6(a), Rules Governing § 2254 Cases. Good cause exists where "the petitioner may, if the facts are fully developed, be able to demonstrate that [she] is ... entitled to relief." **Bracy v. Gramley**, 520 U.S. 899, 909 (1997). Under Rule 6(b), the party requesting discovery must provide reasons for the request and the request must specify any requested documents.

Petitioner has not provided the Court with sufficient information regarding the documents Petitioner seeks through the issuance of a subpoena duces tecum. His request for "any and all records" is simply too broad.

Accordingly, Petitioner's motion for "Subpoena Duces Tecum" is **DENIED**.

## 2. *"Extraordinary Motion for Injunctive Relief" (Doc. 14)*

Petitioner in this motion asks this Court to transfer him to a federal minimum security facility and to order Butts County Superior Court Judge Tommy Wilson to cease harassing him.

A preliminary injunction is appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be averse to the public interest. **Parker v. State Bd. of Pardons & Paroles**, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An "irreparable injury must be neither remote nor speculative, but actual and imminent." **Siegel v. LePore**, 234 F.3d 1163, 1176 (11th Cir.2000).

Petitioner does not have a constitutional right of transfer to another prison, **Meachum v. Fano**, 427 U.S. 215, 225 (1976). Petitioner's request for transfer therefore does not satisfy the first requirement for this Court to grant injunctive relief.

Petitioner complains that Judge Wilson sentenced Petitioner to twenty days for contempt for calling Wilson "stupid" in a letter and that Wilson allowed unsworn testimony in Petitioner's probation hearing. Such allegations patently do not support this Court granting a preliminary injunction.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's "Extraordinary Motion for Injunctive Relief" be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.

### 3. *"Extraordinary Motion for Relief" (Doc. 17)*

In his final motion, Petitioner asks this Court to order the U.S. Attorney to prosecute certain Butts County, Georgia officials and either transfer Petitioner to a minimum security federal facility or release him on bond. Petitioner has no constitutional right to have Butts County officials criminally prosecuted, ***Oliver v. Collins***, 904 F.2d 278, 281 (5th Cir.1990), and this Court has no authority to order the United States Attorney to "prosecute" said officials. ***United States v. Cox***, 342 F.2d 167, 171 (5th Cir. 1965). As noted above, Petitioner has no right to be transferred. Finally, Petitioner may pursue his entitlement to bond through the state court system. ***See Morgan v. St. Lawrence***, No.CV402-265, 2007 U.S. Dist. LEXIS 99065 at *6-*7 (S.D. Ga. May 31, 2007) (explaining that "[c]hallenges to the denial of bail or the setting pretrial release conditions have been addressed in the Georgia courts, both on state habeas and on appeal").

In light of the foregoing, Petitioner's motion is **DENIED**.

### B. *Amendments to the Petition (Docs. 16, 18 & 19) & "Supplement To Amendment" (Doc. 21)*

In its service order dated May 17, 2011, the Court expressly gave Petitioner an opportunity to amend his petition. Although Respondent can address Petitioner's amendments in his responsive pleadings, the Court notes that two of Petitioner's submissions (Docs. 19 & 21) raise issues

associated with his conditions of confinement. Such issues are not appropriate in this habeas corpus action. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus ... and a complaint under ... 42 U.S.C. § 1983." *Muhammad v. Close*, 124 S. Ct. 1303 (2004). The habeas petition's sole purpose is to seek "the remedy of immediate release or a shortened period of confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In contrast, prisoners who seek damages for wrongful convictions or other constitutional violations generally must proceed pursuant to section 1983.

As Petitioner is presumably aware, he may not proceed in a section 1983 action unless he pays the entire $350.00 filing fee or can demonstrate that he is in imminent danger of serious physical injury.[1] *See* 28 U.S.C. § 1915(g) (dictating that, after having three *in forma pauperis* actions dismissed as frivolous, malicious, or for failing to state a claim, prisoners generally may not proceed unless they fully pay the required filing fee).

**SO ORDERED and RECOMMENDED**, this 9th day of June, 2011.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge

cr

---

[1] A review of court records reveals that Petitioner has had at least four prior civil actions that have been dismissed as frivolous or for failure to state a claim. *See Wilson v. Jones*, 1:01-cv-767-JTC (N.D. Ga. May 15, 2002); *Wilson v. Barrett*, 1:98-cv-2646-MHS (N.D. Ga. June 8, 1999); *Wilson v. Yeager*, 3:98-cv-98-JTC (N.D. Ga. Apr. 22, 1999); and *Wilson v. Ford*, 1:98-cv-3719-MSH (N.D. Ga. Feb. 26, 1999).