IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DONALD PAUL WILSON, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 5:11-cv-176 |
| | : | |
| v. | : | PROCEEDINGS UNDER |
| | : | 28 U.S.C. § 2254 |
| Sheriff GENE POPE, | : | |
| | : | |
| Respondent. | : | |

*ORDER ON UNITED STATES MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION*

Before the Court is United States Magistrate Judge Charles Weigle's Order and Recommendation [Doc. 22] in which Judge Weigle denies two of Petitioner's Motions [Docs. 13 and 17] by Order and recommends denial of Petitioner's Motion for injunctive relief [Doc. 14] by Recommendation. Petitioner filed an Objection [Doc. 24] and a Memorandum in support of his Objection [Doc. 26] in which he objects only to that portion of Judge Weigle's Order denying Petitioner's Motion for Subpoena Duces Tecum.

<u>No objection to the Recommendation</u>

Petitioner does not object to Judge Weigle's recommendation that the Court deny Petitioner's request to transfer him to a federal minimum security facility and to order Butts Country Superior Court Judge Tommy Wilson to cease harassing him. Having reviewed the Recommendation, the Court agrees with the Magistrate Judge that neither

allegation supports this Court granting a preliminary injunction.

<u>Objection to the Order</u>

The Petitioner does object to that portion of Judge Weigle's Order denying Petitioner's Motion for Subpoena Duces Tecum.   Because this objection relates to a non-dispositive matter, the Court will only modify or set aside that portion of the Order if it is "clearly erroneous or . . . contrary to law."   Fed. R. Civ. P. 72(a).

In his Motion, Petitioner requests that the Court order "respondent [Sheriff Gene] Pope to appear before the Court to produce any and all records, under a court ordered subpoena duces tecum involving petitioner's cases."   Because the request was too broad, the Magistrate Judge found that Petitioner failed to establish the necessary "good cause" to allow discovery in this habeas case.

The Court finds the denial to be appropriate and not contrary to the law. Although in his Objection Petitioner more clearly identifies the documents his seeks Respondent to file with the Court, Petitioner made this discovery request prior to Respondent being served with the *habeas* petition.   Respondent has since been served and has recently filed an Answer.   If Petitioner still seeks the production of the documents he identifies in his Objection, he must file a separate motion upon which the Court would evaluate under the "good cause" standard and in conjunction with the Respondent's Answer.   <u>See</u> Rule 6(a), Rules Governing § 2254 Cases (Leave of Court is

required to conduct discovery in a habeas case and will be granted only if the requesting party shows good cause).

In his Objection, Petitioner also takes issue with the Magistrate Judge's observation that because Petitioner has had at least four prior civil actions that have been dismissed as frivolous, he must pay the entire $350.00 filing or demonstrate that he is in imminent danger of serious physical injury if he wishes to file a separate complaint pursuant to 42 U.S.C. § 1983.   Petitioner's arguments, however, are inappropriate and irrelevant to his *habeas* petition.   In the event Petitioner files a separate action pursuant to 42 U.S.C. § 1983, he may raise any such arguments in conjunction with that action.

For the reasons explained above, the Order and Recommendation [Doc. 22] is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**.

**SO ORDERED**, this 17th day of August, 2011.

					S/   C. Ashley Royal
					C. ASHLEY ROYAL
					UNITED STATES DISTRICT JUDGE
SSH