IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DONALD PAUL WILSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:11-CV-176 (CAR) |
| VS. | : | |
| | : | |
| GENE POPE, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION TO DENY RELIEF

Before the court is Donald Paul Wilson's 28 U.S.C. §2254 petition seeking habeas corpus relief. In this petition, Wilson alleges that his guilty plea was not knowing and voluntary and that he received ineffective assistance of counsel. Doc. 1 and Doc. 5. For the reasons that follow, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

## PROCEDURAL HISTORY

On December 11, 2008, in the Superior Court of Butts County, Georgia, Petitioner pled guilty to the offense of aggravated stalking. As a result, he was sentenced to serve two years in confinement followed by eight years on probation. Petitioner filed a notice of appeal, but withdrew his appeal before the Court of Appeals could rule on it. On June 19, 2009, Petitioner filed a habeas corpus petition in the Superior Court of Johnson County. Following an evidentiary hearing at which Petitioner's counsel testified, the state habeas corpus court denied relief. The Supreme Court of Georgia denied Petitioner's application for a certificate of probable cause to appeal. On May 9, 2011, Petitioner filed the instant habeas petition.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable

application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

## DISCUSSION

### Grounds One and Two: Legal Defenses

In Grounds One and Two of his petition, Petitioner challenges the legal validity of his conviction. Petitioner contends that the Superior Court of Butts County did not have venue over the offense with which he was charged, and further argues that the conduct to which he pled guilty and for which he was convicted did not constitute a violation of Georgia's aggravated stalking statute, O.C.G.A. § 16-5-91. Petitioner pled guilty to an accusation alleging that he violated a no contact provision in an order of the Magistrate Court of Butts County, by mailing a harassing or intimidating communication to the victim in Butts County. Petitioner contends that the order of the Magistrate Court was not an order subject to the provisions of O.C.G.A. § 16-5-91, and therefore that his

violation of that order could not constitute aggravated stalking.[1]  Petitioner also contends that venue was not proper in Butts County because the postcard in question was addressed to the victim in Valdosta, Lowndes County, Georgia.  The postcard was then forwarded to the victim at her address in Butts County.

The arguments made in support of Grounds One and Two were raised by Petitioner in his state habeas corpus action.  The state habeas court noted the United States Supreme Court's long held position that where a guilty plea has become final, collateral attacks are limited to two issues: 1) whether the plea was entered knowingly, intelligently, and voluntarily; and, 2) whether plea counsel provided constitutionally effective assistance.  See Bradshaw v. Stumpf, 545 U.S. 175, 186 (2005); Tollett v. Henderson, 411 U.S. 258, 267 (1973).  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  Tollett, 411 U.S. at 267.  Such "claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, [but] they are not themselves independent grounds for federal collateral relief."  Id.  Pursuant to this standard, the state court disposed of the first two grounds on the basis that they failed to attack the voluntary nature of his plea or the advice he received from counsel.  This decision was consistent with clearly established federal law.

---

[1] O.C.G.A. § 16-5-91 defines aggravated stalking as follows:

> A person commits the offense of aggravated stalking when such person, in violation of a bond to keep the peace posted pursuant to Code Section 17-6-110, temporary restraining order, temporary protective order, permanent restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

**Grounds Three and Four: Assistance of Counsel**

In Grounds Three and Four, Petitioner raises claims that his plea was not voluntary and that it was based on ineffective assistance of counsel. Ground Three states Petitioner's claim of ineffective assistance of counsel, and Ground Four states Petitioner's claim that his plea was not knowing and voluntary.

The state habeas court considered these claims on their merits and conducted an evidentiary hearing. Petitioner's trial counsel appeared at the hearing and testified about the advice he gave to Petitioner prior to the entry of Petitioner's plea. Counsel testified that he and Petitioner discussed the statutory and venue defenses Petitioner raises in Grounds One and Two of his Petition. On direct examination by the Petitioner, counsel testified that he had advised Petitioner that he believed the Magistrate Court's stay away order fell within the category of orders listed in the aggravated stalking statute. Tr. of Nov. 19, 2009 Hearing, 4-5 (Doc. 43-3, pp. 93-94). On cross-examination by the State, counsel testified that he discussed the venue issue with Petitioner "pretty much every moment we had, because it was our main defense." Id., 14 (Doc. 43, p. 103). Counsel stated that he had researched the venue issue and found a case showing that venue was proper in the location where the communication was received. Id.

The state habeas court considered the evidence presented at the hearing and determined that Petitioner's counsel had provided effective assistance as required under Strickland v. Washington, 466 U.S. 668 (1984). The state court's decision reflected a reasonable determination of the facts in light of the evidence presented and was consistent with clearly established federal law.

To demonstrate ineffective assistance of counsel, a petitioner must establish: 1) that counsel's performance was deficient, falling "below an objective standard of reasonableness"; and  2) that counsel's deficient performance prejudiced the defense, in that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Strickland. at 687-88.  In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside

the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To meet the second prong, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Id. at 58-59. If both prongs are not met, relief is unavailable.

The record supports the state court's determination that counsel's assistance was within the range of competence demanded of attorneys in criminal cases. As the State Court noted, the record showed that counsel had met with his client and discussed the possible legal and factual defenses. The record also shows that Petitioner himself and his counsel both raised these issues in bond hearings on July 8, 2008, and September 18, 2008. See Tr. of July 8, 2008 Bond Hearing (Doc. 43-4, p. 43); Tr. of Sept. 18, 2008 Bond Hearing (Doc. 43-4, p. 59) In addition to the statutory and venue defenses Petitioner argues in his petition, counsel discussed the factual defense raised by the fact that the offending postcard was an anonymous, typed message. Counsel testified that he advised Petitioner that the statutory and venue defenses were not likely to succeed.

The testimony indicates that counsel's legal conclusions were based on research into Georgia law, and his conclusions were reasonable. Under Georgia law, the venue for an aggravated stalking charge is the location where the victim receives the communication, regardless of where it is addressed. See Carlisle v. State, 273 Ga. App. 567 (2005) *rev'd on other grounds*, State v. Carlisle, 280 Ga. 770 (2006). Georgia law also holds that a no contact provision in a bond issued by a magistrate court is sufficient to authorize an aggravated stalking charge. See Hennessey v. State, 282 Ga. App. 857 (2006). The order issued by the magistrate court in Petitioner's case was a notice and order of hearing on an application for a criminal warrant, rather than a bond order. The order was comparable to a bond order, however, in that it established conditions for Petitioner to abide by while court proceedings were pending against him. Although there are no Georgia cases that directly consider whether such an order can provide a basis for an aggravated stalking charge, a competent attorney could have determined based on existing case law that violation of such an order

constitute aggravated stalking.

The record also indicates that Petitioner's counsel investigated the factual basis of the charge against Petitioner. The transcripts of the bond hearings indicate that the State's evidence would include evidence that prior to sending the final post card in violation of the magistrate court's order, Petitioner sent over 200 emails and 250 post cards to the victim during a seven month period and that Petitioner made harassing telephone calls to the victim's employer and to the victim's husband's employer. Tr. of Sept. 18, 2008 Bond Hrg. (Doc. 43-4, pp. 55-56). The state also indicated at the bond hearing that it had evidence of similar transactions in at least three other instances. Id. at 54. Given this evidence, the plea agreement to recommend a sentence of two years confinement followed by eight years probation was a reasonable agreement that competent counsel could recommend to a client.

The record further supports the state court's finding that Petitioner's plea was knowing and voluntary. As the court observed, the transcript of the sentencing hearing shows that:

> Petitioner was advised of his constitutional rights and the terms of the plea agreement. Petitioner was not coerced into entering his plea of guilty. Petitioner accepted the plea agreement, and he knowingly and voluntarily entered his plea of guilty.

Final Order (Doc. 43-3, p.74). Based upon these findings, the court concluded that Petitioner's claim provided no basis for relief. Id.

The state habeas court's determination of the facts in light of the evidence was reasonable and consistent with clearly established federal law. Accordingly, the state habeas court's ruling that the claims set forth in Grounds Three and Four of the instant petition provide no basis for relief is entitled to deference and cannot be disturbed by this Court.

## CONCLUSION

Because the Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: 1) unreasonable in light of the evidence; or 2) contrary

to or the result an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED.**

In addition, and pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 17h day of February, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge